NO. SCAD-12-0000376

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

FRANK M. FERNANDEZ, Respondent.

ORIGINAL PROCEEDING
(ODC 07-172-8632, 08-004-8647, 09-016-8739, 09-017-8740,
09-085-8808, 09-087-8810, 09-088-8811, 09-089-8812, 09-090-8813)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, Acoba, and McKenna, JJ.,
and Intermediate Court of Appeals Associate Judge Fujise,
in place of Pollack, J., recused)

Upon consideration of the Disciplinary Board's report and recommendation to disbar Respondent Frank M. Fernandez, the briefs filed by Respondent Fernandez and the Office of Disciplinary Counsel (ODC), and upon full consideration of all the evidence in the record, this court reaches the following findings and conclusions by clear and convincing evidence; specifically, that

Respondent Fernandez was aware Rule 1.15(d) of the Hawaiʻi Rules of Professional Conduct (HRPC) states all fees are refundable until earned and was further aware legal fees are earned through the provision of legal services.

In ODC Case No. 09-088-8811, Fernandez did not contact

Ginger Davids for documents necessary for the filing of a lawsuit, despite the fact he was in contact with her sister, and despite the fact the Davids' contact information did not change during the period of representation. Fernandez did not keep the Davids apprised of the status of the case, allowed the statute of limitations to expire, and never in fact filed a lawsuit. In doing so, he violated HRPC Rule 1.2(a) ("[a] lawyer shall abide by a client's decisions concerning the objectives of representation, . . . and shall consult with the client as to the means by which the objectives are to be pursued"), Rule 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"), Rule 1.4(a) ("a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information") and Rule 1.4(b) ("[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"). By failing to provide the Davids with a satisfactory accounting of the $1,500.00 in client funds, failing to inform the Davids of the termination of the representation, to return files, or to provide a refund of the $120.00 filing fee until the instigation of the disciplinary proceedings, Fernandez violated HRPC Rule 1.15(f)(3) (providing a right to an accounting of funds earned) and Rule 1.16(d) (requiring the attorney to terminate representation with the client's interests in mind, including refunding unearned fees and returning client files).

In ODC Case No. 09-089-8812, by arranging to serve as both attorney and bail bondsman to Jennifer Garcia, Fernandez instigated a non-waivable conflict of interest that violated HRPC Rule 1.7(b) ("[a] lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests") and engaged in a business transaction with a client related to the representation, in

2

violation of HRPC Rule 1.8(a).

By attempting to secure Bruce Toyoshiba's waiver of his right to an accounting and to a refund of unearned fees, Fernandez violated HRPC Rules 1.15(d) ("[a]ll fee retainers are refundable until earned), Rule 1.15(f)(3) and Rule 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty . . . deceit or misrepresentation").

In ODC Case No. 09-090-8813, by serving as both Larry Souza's attorney and bail bondsman, and by failing to inform Souza of the conflict of interest inherent in that practice, Fernandez violated HRPC Rules 1.4(b), 1.7(b), and 1.8(a). By attempting to secure from Souza a waiver of Souza's right to an accounting and a refund of unearned fees, Fernandez violated HRPC Rules 1.15(d), 1.15(f)(3), and 8.4(c). By failing to respond to Souza's inquiries, failing to seek Souza's prior consent to a substitution of attorneys at the hearings, and for securing continuances without consulting with Souza, Fernandez violated HRPC Rules 1.2(a), 1.3, 1.4(a) and 1.4(b).

In ODC Case No. 09-087-8810, by attempting to secure from Charles Martin a waiver of Martin's right to an accounting and a refund of unearned fees, Fernandez violated HRPC Rules 1.15(d), 1.15(f)(3), and 8.4(c). By failing to inform Martin of the status of his cases, Fernandez violated HRPC Rule 1.4(a). By misrepresenting in written communications with ODC the hearings Fernandez attended on Martin's behalf, Fernandez violated HRPC Rule 8.1(a) ("a lawyer in connection with . . . a disciplinary matter, shall not . . . knowingly make a false statement of material fact"). By failing to maintain any financial records regarding the monies received from Martin and how they were disbursed, Fernandez violated HRPC Rule 1.15(f)(3).

In ODC Case No. 07-172-8632, Fernandez never filed a proper motion for supervised release or reduced bail, but rather filed a single *ex parte* motion that was summarily denied. His

actions violated his duties under HRPC Rule 1.3 to diligently pursue the purpose of the representation. By misrepresenting to Michael Respicio over the course of two months the cause for the delay in Respicio's case, Fernandez violated HRPC Rules 1.4(a), 1.4(b) and 8.4(c). By failing to maintain records regarding the payments made by Respicio and the disbursement of those funds, Fernandez violated HRPC Rule 1.15(f)(3). By attempting to secure a waiver of Respicio's right to a refund of unearned fees, Fernandez violated HRPC Rules 1.15(d) and 8.4(c).

In ODC Case No. 08-004-8647, Fernandez, by misrepresenting to Patience Nwanna that Bruce DeLeon, a paralegal in his office was, in fact, an attorney, or that he had co-counseled with attorney Michael Nauyokas on federal employment matters, violated HRPC Rule 8.4(c). By accepting the full flat fee from Nwanna for his personal use and benefit, failing to accomplish the objective of the representation – the filing of a lawsuit for defamation against her employers – and failing to subsequently refund any of the flat fee, Fernandez violated HRPC Rules 1.15(c) ("[a] lawyer in possession of any funds . . . belonging to a client . . . , where such possession is incident to the lawyer's practice of law, is a fiduciary and shall not commingle such funds . . . with his . . . own or misappropriate such funds . . . to his . . . own use and benefit"), 1.15(d), and 1.16(d) ("[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . refunding any advance payment of fee that has not been earned"). By attempting to secure a waiver from Nwanna of her right to an accounting and a refund of unearned fees, and by providing a deficient accounting, Fernandez violated HRPC Rules 1.15(d), 1.15(f)(3) and 8.4(c).

By representing to Nwanna he was familiar with federal employment litigation when the record demonstrates he was not and by subsequently failing to educate himself on the required

4

knowledge, Fernandez violated HRPC Rules 1.1 (competence) and 8.4(c). By failing to heed Nwanna's instructions as to the purpose of the litigation and instead pursuing a discrimination claim after Nwanna informed him she had waived her right to such a claim, by failing to communicate with her during his pursuit of that strategy, and by ultimately drafting a one-sentence defamation claim for state district court, Fernandez violated HRPC Rules 1.1, 1.2(a), 1.4(a), and 1.4(b).

In ODC Case No. 09-016-8739, we note that, in response to ODC inquiries seeking justification of the $10,000.00 in fees he had received, Fernandez informed ODC he represented R.J. at several hearings, including hearings held on May 15, June 19, June 26, and June 30, 2008 which he, in fact, did not attend. By misrepresenting facts to ODC in the course of its investigation, Fernandez violated HRPC Rule 8.1(a). By improperly attempting to secure from the Hams a waiver of their right to a refund of unearned fees, Fernandez violated HRPC Rules 1.15(d) and 8.4(c). By relying on a unilaterally imposed rate of $250.00 an hour to justify his $10,000.00 fee, imposed without consultation with the Hams and announced only after a dispute arose concerning the fee, Fernandez violated HRPC Rule 1.5(b) ("When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation"). Furthermore, by failing to safeguard the funds in the client trust account once a dispute arose concerning the fee, but instead employing them for his own use and benefit, Fernandez violated HRPC Rule 1.15(c) ("[if] the right of the lawyer . . . to receive the funds is disputed by the client, . . . the disputed portion shall not be withdrawn until the dispute is finally resolved"). By failing to maintain records sufficient to provide an accurate accounting of the nature and duration of the work performed, Fernandez violated HRPC Rule 1.15(f)(3). For

5

failing to research court records to determine what other convictions, pending charges or probationer status might affect his efforts to reduce his client's $1,000,000.00 bail, and for denying it was his duty to do so, Fernandez violated HRPC Rules 1.1, 1.2(a), and 1.3. By failing to reasonably communicate with his client during his client's incarceration, Fernandez violated HRPC Rule 1.4(a).

In ODC Case No. 09-017-8740, for agreeing to a contingency fee arrangement but failing to reduce the agreement to writing, Fernandez violated HRPC Rule 1.5(c). For failing to keep Phillip apprised of Fernandez's purported efforts to overturn Phillip's previous convictions, Fernandez's appeals of the subsequent denials, and Fernandez's purported appeal to the Governor of the State of Hawaiʻi for clemency, Fernandez violated HRPC Rules 1.4(a) and (b). By improperly attempting to secure from Phillip's wife a waiver of her right to an refund, Fernandez violated HRPC Rule 1.15(d) and 8.4(c). By failing to maintain financial records or to provide an accurate accounting of work done in his representation of Phillip sufficient to justify the $8,000.00 in fees, Fernandez violated HRPC Rule 1.15(f)(3).

In ODC 09-085-8808, by agreeing to the representation of Durant Sirom without informing Sirom or his father of the clear conflict of interest of his existing representation of Sirom's cousin, Fernandez violated HRPC Rule 1.4(b). By improperly attempting to compel Sirom's father to waive his right to a refund, Fernandez violated HRPC Rules 1.15(d) and 8.4(c). By failing to provide a detailed accounting of the hours spent on the Sirom matter sufficient to justify an asserted total billing of $10,000.00, Fernandez violated HRPC Rule 1.15(f)(3). For later asserting a unilaterally imposed rate of $250.00 an hour to justify his fee, without first consulting with his client, Fernandez violated HRPC Rule 1.5(b).

In aggravation, we find Fernandez had two previous

6

informal reprimands imposed upon him, a dishonest and selfish motive, a pattern of misconduct extending over at least nine different client matters, multiple offenses in all cases before the court, a refusal to acknowledge the wrongful nature of his conduct toward his clients and their funds, substantial experience in the practice of law, and an indifference to making restitution.  In mitigation, we note the delay in convening disciplinary proceedings, but also note that the lack of records maintained by Respondent Fernandez equally contributed to evidentiary challenges present in the matters at hand. Therefore, disbarment being an appropriate sanction,

IT IS HEREBY ORDERED that Respondent Frank M. Fernandez is disbarred from the practice of law in the State of Hawaiʻi effective thirty days after the entry of this order.

IT IS FURTHER ORDERED that Respondent Fernandez shall, in accordance with Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), file with this court within 10 days after the effective date of his disbarment, an affidavit showing compliance with RSCH Rule 2.16(d) and this order.

IT IS FURTHER ORDERED that, as a condition of reinstatement, in addition to any requirements imposed pursuant to RSCH Rules 2.3, 2.16, and 2.17, Respondent Fernandez shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs and an opportunity to respond thereto, as prescribed by RSCH Rule 2.3(c).

DATED:  Honolulu, Hawaiʻi, February 14, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Alexa D.M. Fujise



7